Wash, J.,
delivered the opinion of the Court.
Burgess sued one Cotter by attachment in the St. Louis Circuit Court, and obtained judgment on a promissory note. Mullanphy, the plaintiff in error, was garnishee, and answered the interrogatories submitted. A traverse of the garnishee’s answer was filed, and on trial there was a verdict and judgment against Mullanphy for the amount of the debt recovered by Burgess against Cotter, to reverse which judgment Mullanphy now prosecutes his writ of error in this Court. The interrogatories required Mullanphy in substance to state whether, on the 17lh of September, 1830, or at any time between the service of the attachment and the date of the interrogatories, or at the time of service or time of answering, he was indebted to Cotter, or had goods, chattels, moneys, credits or effects in his hands belonging to Cotter, &c., and whether the note (on which judgment was recovered by Buigess against Cotter) had ever been presented to him, Mullanphy, for payment J and when so presented, he had not admitted that he had funds and effects in his hands belonging to Cotter sufficient to satisfy the same, &c. ? Mullanphy answered in substance that he did not know whether he was indebted to Cotter or not, but thought that he was not; that when the attachment was served on him, said Cotter and one Molloy had a number of hands at work on certain buildings which said Cotter and Molloy had contracted jointly to put up for him j that the hands threatened to pull down the buildings unless he would pay them, and that he did pay them; that Cotter and Molloy soon afterwards absconded, leaving said buildings unfinished and exposed, and that he had to hire other persons to finish them; and believes that Cotter and Molloy were overpaid several hundred dollars; that he had never been otherwise indebted to Colter, and never had any goods, chattels, moneys, credits or effects of his, in his (Mullanphy’s) hands; that by his contract with Cotter and Molloy, he was to pay a reasonable proportion of wages as the work advanced, not exceeding the one-half, and was authorized to retain a sufficiency to indemnify him in case the work should be deserted or not properly executed; that he did not remember whether Cotter’s note to Burgess had ever been presented to him, and that he had never promised to pay the same, or admitted that he had funds in hm hands belonging to Cotter sufficient to pay the same, or any part thereof, except on the condition that the work should be finished according to contract, &c.; that he said to Burgess several times, that if Cotter went on with the work, he (Mullanphy) would have funds in his hands, but not otherwise, and repeatedly told him that he, Burgess, stood a had chance of getting his debt; that he always had reference to Cotter’s completing the work when he spoke of having funds in his hands; that Cotter and Molloy abandoned the work and absconded, being several hundred dollars in his debt, &c. There *144 was a general traverse of the answer, and on the trial it was proved in substance that after Cotter and Molloy abandoned the work and absconded, Mullanphy told a witness “ that he would pay Burgess’ claim; that he had reserved six or seven hundred dollars, out of which he would have to pay a debt of one Finney, on which an attachment had been brought, and Burgess’ claim. This he (Mullanphy) said in reply to witness, Finney, who had called on him to pay a claim he (Finney) had against Cotter; that if they went on and completed the work, there would be enough in his hands to pay them all.” And to another witness, who had a demand against Cotter and Molloy, and who applied to Mullanphy before Cotter absconded, he slated “ that if they went on with and completed the work, there would be enough in his hands to pay said (witness’) demand; that there were some other demands to be paid first, and among them the demand of said Burgess was mentioned, and that he (witness) had but a slim chance of getting his debt.” On the part of Mullanphy it was proved that after (Finney) the first named witness, had the conversation with Mullanphy, and had quit working on the buildings, other persons had to be emyloyed by Mullanphy to complete the Work; that the foundation wall of a part of said building was taken out, and a new one substituted, on account of the badness of the work, and witness stated it was the worst work he ever saw, and he wondered that the buildings stood. Upon this state of facts the jury found that said Mullanphy, at the time of the service of said attachment, and from and since that date, was and is indebted unto the said James Cotter in divers large sums of money, and has had in his care, charge and custody, divers goods, chattels, money, credits and effects belonging to him, the said Cotter, sufficient to pay and discharge said due bill; and that he, the said Mullanphy, acknowledged the same and promised to pay Burgess out of the money, credits and effects in his hands, belonging to said Cotter, the amount of said debt due from Cotter to Burgess. Mullanphy moved for a new trial, because:
First. The jury found against law and the instructions of the Court.
Second. That the jury found against the testimony.
Third. That the jury found without testimony; which motion for a new trial was overruled and excepted to.
Being clear that the evidence did not warrant the finding of the jury, and that a new trial ought to have been granted, we will now attempt to settle the other questions that have been raised.
How far the property of a firm- may be liable to attachment, at the suit of a creditor of one of the firm, is a question of great interest, and may be hereafter re-argued more fully. There is nothing in the evidence to warrant the verdict of the jury. The promise of Mullanphy to pay is, at most, but presumptive evidence that he owed that amount to Cotter at the time, and that presumption is fully met and repelled by the positive statement of the garnishee, whose answer discloses fully the whole transaction, and taken altogether shows clearly that the promise to pay the amount due from Cotter to Burgess, was predicated on a misconception of the true state of the building and of his accounts with the builders. The Circuit Court erred therefore in refusing to grant a new trial, and its judgment is reversed with costs, and the cause remanded to be proceeded in conformably to this opinion.